**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| RONALD VALLE ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 07-4085 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**AMENDED ORDER**

Before the Court is Petitioner Ronald Valle's ("Valle") Motion pursuant to 28 U.S.C. § 2255. Valle alleges his attorney, George Taseff ("Taseff"), failed to adequately represent him during his sentencing hearings before this Court. For the reasons set forth below, Valle's Motion is DENIED.

**BACKGROUND**

Valle was charged in case number 02-40201, with one count of aggravated bank robbery, one count of interstate transportation of a stolen motor vehicle, one count of false representation of a social security number, and six counts of bank fraud. In addition, Valle was charged in case number 02-40154, with a supervised release violation stemming from a previous bank robbery sentence imposed in 1994. Valle entered a guilty plea to Counts One, Two, and Three, pursuant to a written plea agreement and entered an admission to the supervised release violation. At that time, the Court directed probation services to complete a written pre-sentence report (PSR).

The PSR assigned a total offense level of 19.  Valle's criminal history category was VI based on 13 total criminal points, resulting in a guideline sentencing range of 63-78 months.  Valle faced a maximum term of imprisonment of three years on the revocation of his term of supervised release, which was required to be served separately.

The PSR found three bases for the Court to depart upwards from the guideline range.  First, the PSR stated the Court could depart upwards for counts of conviction not accounted for in the base offense level.  Second, the PSR stated the Court could depart upwards if reliable information indicated that the criminal history category did not adequately reflect the seriousness of Valle's past conduct or likelihood he would commit other crimes.  The PSR indicated that Valle would have qualified as a career offender had his prior armed bank robbery and five bank robbery convictions not been combined in the 1994 case.  Third, the PSR stated the Court could depart upwards if it determined that, pursuant to USSG § 5K2.0, the case was outside the heartland of other bank robbery cases.

During the first sentencing hearing held on July 18, 2003, the Government adopted the PSR's assessment of the grounds for upward departure.  The Government informed the Court that the Defendant, represented by Taseff, would agree to a five level upward departure and a 120 month total sentence.

The Court responded that the recommended 120 month sentence was acceptable as long as it was coupled with consecutive terms of supervised release on all three counts of conviction.  The Court noted its concern that, due

to Valle's extensive criminal history, he was likely to re-offend without a lengthy supervised release.

Prior to imposing this sentence, the Court was advised that the Seventh Circuit held 18 U.S.C. § 624(e) prohibited consecutive terms of supervised release. See *United States v. Danser,* 270 F.3d 451 (7th Cir. 2001). As a result, the Court withdrew its approval of the proposed sentence and explained that without the availability of a lengthy supervised release term, it could not agree to the parties' recommended sentence. The Court continued the sentencing to a later date and stated that Valle would have the opportunity to withdraw his guilty plea if he so desired.

At the second sentencing hearing held on July 23, 2003, the Court gave Valle the opportunity to withdraw his plea, conceding that it intended to impose a sentence with an upward departure. After discussing the plea agreement with the Government, where the Government agreed to rescind the paragraphs addressing appeal waivers and 2255 waivers, Valle agreed to plead guilty. The Court informed Valle that the sentencing would be held August 22, 2003, and that Valle could again choose to withdraw his guilty plea.

At this third sentencing hearing, the parties presented the Court with an amended plea agreement. This new plea agreement indicated it superseded the previous agreement, added Valle's acknowledgment that the Government would be seeking an upward departure at sentencing, and deleted the waiver provisions. The Court reviewed the plea agreement and the new provisions with Valle, and Valle confirmed that he did not wish to withdraw his guilty plea.

3

The Court adopted the factual findings and guideline application set forth in the PSR. In imposing an upward departure from the guidelines, the Court expressed concern over Valle's past criminal history. In addition, the Court found Valle admitted to having robbed many additional banks, even though he was never convicted in these bank robberies. Further, the Court found that Valle would have career offender status had the bank robberies where he was convicted not been joined together for sentencing. Finally, the Court expressed concern that after the prior bank robberies and supervised release, when Valle had "an opportunity to either go straight or commit another bank robbery, [he] chose to commit another bank robbery." The Court concluded that, under the totality of the circumstances, the case was "outside the heartland."

Accordingly, the Court sentenced Valle to 139 months of imprisonment for the current bank robbery and 24 months imprisonment for violating his supervised release, to run consecutive to the first sentence. Valle appealed his sentence to the Seventh Circuit, and the Seventh Circuit ordered a limited remand to determine, based on *United States v. Booker,* whether the Court would impose the same sentence. Thereafter, the Court entered an order finding that the sentence imposed was the correct sentence. The Seventh Circuit affirmed the judgment and held that the sentence of 163 months for aggravated bank robbery was not unreasonable, even if there was some doubt in the PSR that Valle confessed to 19 additional bank robberies.

Valle filed this current motion, arguing his attorney (1) failed to object to and demand a hearing on the confession of non-charged bank robberies used to

4

enhance this sentence; (2) failed to object and argue against the court's statement related to Valle's alleged mental problems, which, he claims, were used to warrant the enhancement; and (3) failed to object to the court using prior convictions already in Valle's criminal history as a basis for an enhancement.

## DISCUSSION

A petitioner may avail himself of Section 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

Specifically, with respect to a claim of ineffective assistance of counsel, a petitioner must establish: (1) his attorney's performance was deficient and (2) this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of the *Strickland* test, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. Counsel is presumed to have made reasonable strategic choices, and "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001). The second prong of the *Strickland* test requires a petitioner to show that "there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A petitioner must satisfy both prongs of the test in order to meet his burden, and a finding against him on either prong ends the inquiry. *Id.* at 697. ("[T]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

Valle does not claim that he would have rejected the plea and taken his case to trial. In fact, the Court gave Valle several opportunities to withdraw his plea after it became apparent that the Court was going to impose a sentence above the guidelines.

### A.  Failure to object to and demand a hearing on the confession of non-charged bank robberies

Valle alleges that Taseff was ineffective for failure to object to and demand a hearing on the confession of non-charged bank robberies set forth in the PSR. Valle alleges that the Court relied upon that confession in making the determination to enhance his sentence.

Contrary to Valle's assertion, Taseff did object to the Court's consideration of the non-charged bank robberies. "All of this business about 19 this or 19 that. Where is the evidence other than a statement in some PSR saying that what he told somebody about priors?" (Sent.Tr.III. 22). (See also Sent.Tr.III. 36, 38). Therefore, because Taseff objected to the inclusion of non-charged bank

6

robberies, Valle fails to satisfy the first prong of *Strickland* because he cannot show that Taseff's performance was deficient.

Valle also fails to satisfy the second prong of *Strickland.* Despite Taseff's objections, the Court found that there was evidence of the uncharged bank robberies. That is, his confession to 19 of the bank robberies following his arrest in California, as set out in his California pre-sentence report. There was no objection to that information in the California pre-sentence report. That led this Court to conclude that it was "res judicata" in this case. Further, the Court made it clear that the non-charged bank robberies were only one factor of many that it considered in ordering an enhanced sentence.

## B.    Failure to object to the Court's reference to Valle's mental problems

Valle alleges that Taseff was ineffective for failing to object to the Court referencing Valle's mental problems, which, according to Valle, the Court used to warrant the sentence enhancement. Taseff had Valle's psychiatric records at the first sentencing hearing and presented these records to the Bureau of Prisons. (Sent.Tr.I. 13). Taseff decided not to "push the psychiatric issue because, quite frankly, [he thought] it would blow up in our face." (Sent.Tr.I. 13-15). The record makes clear that the Court did not review these psychiatric records. (Sent.Tr.I. 13-15). In addition, the Court commented that its review of the psychiatric records might not be beneficial to Valle. ("As far as I'm concerned, at this stage in his career [the records] could well end up being aggravating factors in terms of

7

my attitude about what his sentence should be in terms of the danger that he represents to the public.") (Sent.Tr.I. 14-15).

Here, Valle fails to satisfy both prongs of the *Strickland* test. First, Taseff is presumed to have made reasonable strategic choices in his representation of Valle. See *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001). Second, Valle suffered no prejudice because his mental condition was not a factor used by the Court in imposing a sentence above the guideline range.

### C.  Failure to object to the Court using prior convictions already counted in the criminal history as bases for an enhancement

Valle alleges Taseff was ineffective for failing to object to the Court's using Valle's prior convictions, already counted in the criminal history, as bases for an enhancement. Contrary to Valle's assertion, Taseff repeatedly objected at each sentencing hearing to the Court's consideration of the prior convictions. (Sent.Tr.I. 6, Sent.Tr.II. 4-5, Sent.Tr.III. 15-16). Further, the Seventh Circuit has reviewed the methodology used by this Court in computing the enhancement and found the resulting sentence reasonable. *United States v. Valle,* 458 F.3d 652, 658-59 (7th Cir. 2006).

### CONCLUSION

For the reasons set forth above, the Court DENIES Valle's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

ENTERED this 2nd day of October, 2008.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm

United States District Judge